FILED
2022 Sep-30  PM 12:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

SHANNON GREEN,
an individual,

     Plaintiff,

                          CASE NO:

vs.

THE CAMP HUNSTVILLE, LLC;
MID CITY OWNER, LLC,

     Defendants.
_____/

## COMPLAINT

Plaintiff, SHANNON GREEN ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues THE CAMP HUNSTVILLE, LLC, and MID CITY OWNER, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction under 28

1

U.S.C. Sections 1331 and 1343.

2.      Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3.      Plaintiff, SHANNON GREEN (hereinafter referred to as "GREEN") is a resident of Toney, Alabama and is a qualified individual with a disability under the ADA.  GREEN suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from quadriplegia and requires a wheelchair for mobility and has limited use of her upper extremities.  Prior to instituting the instant action, GREEN visited the Defendant's premises at issue in this matter numerous times, beginning in February and March of 2022, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA.  GREEN continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.      The Defendant, THE CAMP HUNTSVILLE, LLC, is a domestic limited liability company registered to do business and, in fact, conducting business in the State of Alabama.  Upon information and belief, THE CAMP HUNTSVILLE,

LLC, (hereinafter referred to as "THE CAMP" or jointly as "Defendants") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: The Camp at MidCity located at 5909 University Drive, Huntsville, AL 35806 (hereinafter referred to as the "Entertainment Venue").

5.      The Defendant, MID CITY OWNER, LLC, is a domestic limited liability company registered to do business and, in fact, conducting business in the State of Alabama.   Upon information and belief, MID CITY OWNER, LLC, (hereinafter referred to as "MID CITY" or jointly as "Defendants") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically: The Camp at MidCity located at 5909 University Drive, Huntsville, AL 35806 (hereinafter referred to as the "Entertainment Venue").

6.      All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

7.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

8.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Entertainment Venue owned and/or operated by Defendants is a place of public accommodation in that it is restaurant, bar, place of public gathering, and entertainment operated by a private entity that provides goods and services to the public.

9.     Defendants has discriminated and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Entertainment Venue in derogation of 42 U.S.C §12101 *et seq*.

10.    The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Entertainment Venue owned and/or operated by Defendants.  Prior to the filing of this lawsuit, Plaintiff personally and regularly visited the Entertainment Venue at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 12, below, that she personally encountered.   In addition, Plaintiff continues to desire and intends to visit the Entertainment Venue, but continues to be injured in that she is unable to and continues to be discriminated against due to the

barriers to access that remain at the Entertainment Venue in violation of the ADA. GREEN has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's, deliberate and knowing violations of the ADA.

11.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12.     Defendants are in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §§36.211, 36.302, 36.303, 36.304, 36.401, 36.402 and 36.406. and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

      i.     There are no compliant accessible parking spaces. The parking area is all gravel with no marked accessible parking spaces, van accessible or otherwise, and no marked access aisles necessary for wheelchair users.

      ii.    There are two signs purporting to designate accessible parking spaces, but these are mounted too low to be visible over parked cars and are not posted at accessible parking spaces, nor do they, by themselves, create accessible parking spaces.

iii.   Due to the loose gravel surface, there is no firm, stable and slip resistant accessible route from the parking area to the main entry of the entertainment venue.

iv.   There is no lowered section of the bar and no accessible seating positions provided at the bar.

v.   The ramp that accesses the coffee shop entry has no accessible handrails.

vi.   The ramp that accesses the public toilet rooms has no accessible handrails.

vii.   There is insufficient clear floor space and wheelchair maneuvering clearance in front of the public toilet room entry door such that a wheelchair user cannot enter the public toilet rooms independently.

viii.   There is insufficient maneuvering space at the public water closet for a side transfer from a wheelchair due to the position of the lavatory within the transfer space necessary for a wheelchair user.

ix.     Due to the gravel surface over the entire venue, there is no accessible slip resistant path of travel to access any of the individual activity areas of the venue.

x.      There are no accessible tables in any of the activity areas that offer wheelchair accessible heights, as well as knee and toe clearances for a wheelchair user.

xi.     None of the tables in the stage viewing area have knee clearance and toe clearances for a wheelchair user.

xii.    The serving/order counter at the food truck is out of reach of a wheelchair user.

xiii.   The parking lot is used periodically for markets and other events and lacks accessible routes for a wheelchair user to access the vendors.

xiv.    Defendants have a policy and practice of failing to maintain accessible features of the subject property as is evidenced by Defendants' introduction of loose gravel to what had predominately been a firm and slip resistant asphalt surface.

13.     There are other current barriers to access and violations of the ADA at the Entertainment Venue owned and operated by Defendants that were not

specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

14.     To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §§ 36.304 and 36.406, FP was required to make its Entertainment Venue, a place of public accommodation, accessible to persons with disabilities by January 28, 1992.  To date, FP has failed to comply with this mandate.

16.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

17.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A.  That the Court declare that the property owned and administered by Defendants is violative of the ADA;

B.  That the Court enter an Order directing Defendants to alter the subject facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.  That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.  That the Court enter an Order, pursuant to 28 CFR §36.211, directing Defendants to fulfill their continuing duty to maintain and repair accessible features and equipment in the future so that the subject property remains accessible to and usable by individuals with disabilities in the future, to the full extent required by Title III of the ADA;

E.  That the Court enter an Order directing Defendants to implement and carry out effective policies, practices, and procedures to maintain and repair their accessible features and equipment in the future pursuant to 28 C.F.R. § 36.302 and 28 C.F.R. § 36.211;

F.  That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

G.  That the Court award such other and further relief as it deems necessary, just and proper.

9

Dated this 30th day of September, 2022.

Respectfully submitted,

By: __/s/ Edward I. Zwilling__
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email: edwardzwilling@zwillinglaw.com